Frank S. Hedin (*pro hac vice*)
HEDIN HALL LLP
1395 Brickell Avenue, Suite 900
Miami, Florida 33131
Email: fhedin@hedinhall.com
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

[Additional Counsel on Signature Page]

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMBER PICKETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FAITH AND FREEDOM COALITION, INC.; RALPH REED; and AMERICANS OF FAITH,<br><br>    Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Amber Pickett, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters:

### NATURE OF ACTION

1.     Plaintiff brings this action for legal and equitable remedies resulting from the illegal actions of Faith and Freedom Coalition, Inc., Ralph Reed, and Americans of Faith (collectively, "Defendants") in knowingly or willfully transmitting SMS text messages to Plaintiff's cellular telephone and the cellular telephones of thousands of others across the country, without "prior express consent" within the meaning of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     The Court has original jurisdiction over this putative class action lawsuit pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Personal jurisdiction and venue are proper in this district because Plaintiff resides in this district and Plaintiff's claims arose in substantial part in this district. Defendant directed the text messages received by Plaintiff into this district by transmitting the messages to a telephone number that is assigned an area code (602) corresponding to a location in this district. Plaintiff received Defendants' unsolicited text messages on her cellular device while present in this district.

## PARTIES

4. Plaintiff Amber Pickett is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a citizen and resident of Phoenix, Arizona.

5. Defendant Faith and Freedom, Inc. ("Faith and Freedom") is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and an organization governed by Internal Revenue Code 501(c)(4). Defendant Faith and Freedom maintains its corporate headquarters in Duluth, Georgia.

6. Defendant Ralph Reed ("Reed") is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a citizen and resident of Atlanta, Georgia. Defendant Reed is the founder and chairman of Faith and Freedom.

7. Defendant Americans of Faith is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and an organization governed by Internal Revenue Code 501(c)(3). Defendant Americans of Faith maintains its corporate headquarters in Camarillo, California.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8. In 1991, Congress enacted the TCPA to address consumer complaints regarding certain abusive telemarketing practices. The TCPA prohibits, inter alia, the use of automated telephone equipment, or "autodialers," to make any call, including sending a text message, to a wireless number absent an emergency or the "prior express consent" of the party called. And in the case of calls or text messages that constitute "advertisements" or "telemarketing", as defined by applicable regulations, the TCPA requires the "prior express written consent" of the called party before initiating such calls or texts via an autodialer.

9. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and texts are prohibited because such transmissions are a greater nuisance and invasion of privacy than live solicitation calls and receiving

and addressing such calls and texts can be costly and inconvenient. The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes or texts are used.

10. One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[1]

11. SMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. Because wireless telephones are carried on their owner's person, SMS text messages are received virtually anywhere.

12. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

13. Moreover, the transmission of an unsolicited SMS text message to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

14. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (602) ***-4581 (the "4581 Number"). The 4581 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. Defendants Faith and Freedom and Americans of Faith operate as tax-exempt organizations pursuant to Internal Revenue Service Code ("IRC") sections 501(c)(4) (in the case of Faith and Freedom) and 501(c)(3) (in the case of Americans of Faith), which means that, generally speaking, Faith and Freedom

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited April 6, 2018).

- 3 -
CLASS ACTION COMPLAINT

and Americans of Faith are prohibited from participating in political campaigns in support of certain candidates for public office or in opposition to certain candidates for political office.

16. In or about October 2018, Defendants transmitted or caused to be transmitted, by themselves or through an intermediary or intermediaries, including without limitation Opn Sesame, LLC, multiple text messages to the 4581 Number without Plaintiff's express consent, written or otherwise, including without limitation the messages depicted in the following screenshot extracted from Plaintiff's cellular device:



17. The source of each of the text messages sent by Defendants to the 4581 Number was (423) 454-3092, which is a telephone number leased by Defendants or Defendants' agent(s) or affiliate(s), including without limitation Opn Sesame, LLC, for the purpose of operating Defendants' text message campaigns.

18. Because Plaintiff is alerted by her cellular device, by auditory or visual means, whenever she receives a text message sent to the 4581 Number, each unsolicited SMS text message that Defendants transmitted to the 4581 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion. Plaintiff became distracted and aggravated as a result of receiving each of Defendants' text messages.

19. The hyperlinked-URL in the second text message depicted in the screenshot in Paragraph 16 above, http://FFCoalition.com/wp-content/uploads/2018/10/AZ-01-W.pdf, directs to a PDF file that is

hosted on a domain name (ffcoalition.com) that is owned, operated, maintained, and controlled by Defendant Faith and Freedom and Defendant Reed.

20. The PDF file made available at http://FFCoalition.com/wp-content/uploads/2018/10/AZ-01-W.pdf, a copy of which is attached hereto as Exhibit "A," is titled "VOTER GUIDE," contains Faith and Freedom's logo, and at the bottom of the second page states, in pertinent part, "PAID FOR BY <u>AMERICANS OF FAITH</u> AND <u>FAITH & FREEDOM COALITION</u>." (Ex. A at 2 (emphasis added).) The text message depicted in Paragraph 16 above, which contains the hyperlink http://FFCoalition.com/wp-content/uploads/2018/10/AZ-01-W.pdf, was paid for and transmitted by Defendants, for the purpose of disseminating the Defendants' literature attached hereto as Exhibit "A".

21. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants maintained substantial operational oversight and control over the transmission of the offending text messages at issue in this case, including control and oversight over the retention of Opn Sesame, LLC to provide the technology used to transmit the messages, the sources of the lists of numbers to which text messages were transmitted, the content of such messages, and the content of the webpages and electronic literature to which such messages directed recipients. Moreover, Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants provided resources or conferred benefits, monetary or otherwise, to enable the purchase of the lists of telephone numbers to be dialed and the transmission of the offending text messages at issue in this case to Plaintiff's 4581 Number and to the numbers of the unnamed proposed class members whose numbers appeared on such lists.

22. All telephone contact by Defendants or affiliates, subsidiaries, or agents of Defendants to Plaintiff at the 4581 Number occurred using a "prerecorded voice" and/or an "automated telephone dialing system" as such terms are defined by 47 U.S.C. § 227(b)(1)(A).

23. Defendants sent the text messages to Plaintiff at the 4581 Number and to the unnamed class members at their mobile numbers using a "prerecorded voice" within the meaning of the TCPA because the text messages Defendants sent to Plaintiff and unnamed class members contained the same content as thousands of text messages sent by Defendants to numerous other individuals across the country, and because the uniformly-chosen words contained within these messages were voiced by Defendant Reed and

then recorded by Defendants or an affiliate or agent of Defendants prior to the initiation, making, or sending of such messages. Indeed, as shown in the screenshot in Paragraph 16 above, both of the unsolicited text messages depicted therein began with the words "Hi, it's Ralph Reed."

24. Moreover, Defendants utilized an "automated telephone dialing system" provided by Opn Sesame, LLC to transmit the aforementioned text messages to the 4581 Number because such messages were sent from a telephone number used to message consumers *en masse*; because Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by Defendants to send such messages have the capacity to store, produce, and dial random or sequential numbers, or to receive and store lists of telephone numbers, and to then dial such numbers, *en masse*, in an automated fashion and without human intervention. And indeed, Defendants transmitted the text messages at issue in this case to Plaintiff and all other putative class members in an automated fashion and without human intervention, with hardware and software that received and stored lists of telephone numbers to be dialed and which then dialed such numbers.

25. The complained of text messages to the 4581 Number constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) and/or advertisements as defined by 47 C.F.R. 64.1200(f)(1).

26. Neither Plaintiff nor any of the proposed class members provided "prior express consent" much less "prior express written consent" to allow Defendants or any affiliate, subsidiary, or agent of Defendants to transmit text messages to the 4581 Number or to the numbers of any proposed class members by means of an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

27. <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons within the United States who, between January 2, 2015 and the date of the Court's order granting class certification, received one or more text message(s) from any of the Defendants or an affiliate, subsidiary, or agent of any of the Defendants, sent via technology provided by Opn Sesame, LLC.

28. Defendants, their employees, and agents are excluded from the Class.

29. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

30. Plaintiff and all Class members have been impacted and harmed by the acts of Defendants or their affiliates or subsidiaries.

31. This Class Action Complaint seeks injunctive relief and monetary damages.

32. This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

33. Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

34. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to tens of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

35. <u>Typicality</u>. Plaintiff received at least one text message from Defendants via technology powered by Opn Sesame, LLC. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interest is consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendants' misconduct as alleged herein.

36. <u>Adequacy</u>. As Class representative, the Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

37. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Counsel are experienced in handling complex class action claims, in particular claims under the TCPA and other data privacy and consumer protection statutes.

38. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

   a) Whether Defendants or affiliates, subsidiaries, or agents of Defendants transmitted text messages to Plaintiff's and Class members' cellular telephones via technology provided by Opn Sesame, LLC;

   b) Whether such text messages were sent using an "automatic telephone dialing system";

   c) Whether any of the Defendants or any affiliates, subsidiaries, or agents of any of the Defendants can meet their burden to show Plaintiff's prior express consent to send the text messages complained of, assuming such an affirmative defense is raised;

   d) Whether the complained of conduct was knowing or willful;

   e) Whether Defendants and affiliates, subsidiaries, or agents of Defendants should be enjoined from engaging in such conduct in the future.

39. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system

resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the Class members, by definition, did not provide the prior express written consent required under the statute to authorize such text messages to their cellular telephones.  The Class members can be readily located and notified of this class action through Defendants' records and, if necessary, the records of Opn Sesame, LLC and cellular telephone providers.

40. Additionally, the prosecution of separate actions by individual Class members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

41. Defendants or any affiliates, subsidiaries, or agents of Defendants have acted on grounds generally applicable to the Class, making final injunctive relief and declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE TELEPHONE
### CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

42. Plaintiff incorporates by reference paragraphs 1-41 of this Class Action Complaint as if fully stated herein.

43. The foregoing acts and omissions constitute violations of the TCPA by Defendants, including but not limited to violations of each of the above-cited provisions of 47 U.S.C. § 227.

44. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

45. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

46. Plaintiff and Class members also seek an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

47. Plaintiff incorporates by reference paragraphs 1-41 of this Class Action Complaint as if fully stated herein.

48. The foregoing acts and omissions by Defendants constitute knowing or willful violations of the TCPA, including but not limited to violations of each of the above-cited provisions of 47 U.S.C. § 227.

49. As a result of alleged knowing or willful violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

50. As a result of Defendants' knowing or willful violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, treble damages of up to $1,500.00 for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

51. Plaintiff and Class members also seek an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in her favor, as follows:

A. Injunctive relief prohibiting such violations of the TCPA in the future;

B. As a result of the alleged violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member $500.00 in statutory damages for each and every text message that violated the TCPA;

C. As a result of the alleged willful or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member treble damages, as provided by the statute, of up to $1,500.00 for each and every text message that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: January 2, 2019                    Respectfully submitted,

By: s/ Frank S. Hedin

Frank S. Hedin (*pro hac vice*)
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 900
Miami, Florida 33131
Email: fhedin@hedinhall.com
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

Ignacio J. Hiraldo*
**IJH LAW**
1200 Brickell Ave
Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.469.4496

Manuel S. Hiraldo*
**HIRALDO, P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

Michael Eisenband*
**EISENBAND LAW, P.A.**
MEisenband@Eisenbandlaw.com
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301

Telephone: 954.533.4092

\* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Proposed Class*