Brian M. Bergin, (#016375)
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone:  (602) 888-7858
Facsimile:   (602) 888-7856
bbergin@bfsolaw.com
*Attorneys for Defendants Faith and Freedom Coalition, Inc and Ralph Reed*

Jason Torchinsky
Stephen Roberts
**Holtzman Vogel Josefiak Torchinsksy**
45 North Hill Drive, #100
Warrenton, Virginia 20186
*Pro Hac Vice Counsel for Defendants FFC & Reed*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Pickett, individually and on behalf of all others similarly situated, | Case No.:  CV-19-00014-PHX-DLR |
| Plaintiff, | |
| v. | (Assigned to Hon. Douglas L. Rayes) |
| Faith and Freedom Coalition, Inc.; Ralph Reed; and Americans of Faith, | (Oral Argument Requested) |
| Defendants. | |

**FAITH AND FREEDOM COALITION, INC.
AND RALPH REED REPLY IN SUPPORT OF MOTION TO STAY
PROCEEDINGS PENDING PRIMARY JURISDICTION REFERRAL AND
INCORPORATED MEMORANDUM OF LAW**

Defendants Faith and Freedom Coalition, Inc. ("FFC") and Dr. Ralph Reed ("Reed"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby submit their reply in support of their *"Motion of Defendants' Faith and Freedom Coalition, Inc., and Ralph Reed to Stay Proceedings Pending a Preliminary Jurisdiction Referral and Incorporated*

*Memorandum of Law"* [DE21] ("Motion") and respectfully renew their request that this Court stay this case pending referral to the Federal Communications Commission for its determination of whether a peer-to-peer text message system, such as the one utilized by their contractor, and other similarly situated clients of vendors providing peer-to-peer text message services, is an unlawful dialing system under the TCPA.

**I.     Because The Question Of Whether Peer-to-Peer Text Messaging Software Constitutes An Autodialer Is Question Of First Impression Currently Pending Before The Agency Tasked With The Expertise In This Area, This Court Should Stay The Litigation Pending The FCC's Review.**

Congress has vested the FCC with the uniform interpretation and comprehensive enforcement of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009). Referral is appropriate "when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Syntek Semiconduct Co. v. Microchip Tech.*, 307 F.3d 775, 780 (9th Cir. 2002).

*First*, the Ninth Circuit has recognized that the doctrine of primary jurisdiction is designed to protect agencies that possess quasi-legislative powers and is "actively involved in the administration of regulatory statutes." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008). The Ninth Circuit determined that this description fits the FCC's oversight and enforcement of the Telecommunications and Federal Communications Act. *Id*.

*Second*, the precise issue before this Court and before the FCC is whether Peer-to-Peer software that requires human intervention to manually dial telephone numbers constitutes an autodialer. This is an issue of first impression for the FCC and this Court. The FCC is currently receiving comments from the public. [DE 30 at 6] Because the FCC is tasked with establishing uniform rules for the industry and because it has the technical expertise, *Clark*, 523 F.3d at 1115, this Court should stay this case pending a ruling from the FCC. *See Barrera v. Comcast Holdings Corp.*, 2014 U.S. Dist. LEXIS 65800, *5

(N.D. Cal. May 12, 2014) (staying litigation under primary jurisdiction doctrine because the central issue in the case was before the FCC and because Congress had vested the FCC with the duty of uniform interpretation and comprehensive enforcement over the TCPA); *Wright v. Lyft, Inc.*, 2015 U.S. Dist. LEXIS 185952 (W.D. Wash. Jan. 5, 2015) (granting a stay under the doctrine of primary jurisdiction for a suit alleging that a mobile application generated text messages in violation of the TCPA).

### A. **Plaintiff's Arguments To The Contrary Are Unpersuasive.**

*First*, Plaintiff contends, however, that this is not an issue of first impression because the Ninth Circuit has already decided the issue in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018). [DE 30 at 3]. But the Ninth Circuit has not considered the technology at issue here. Instead, the Ninth Circuit reviewed the applicability of the TCPA to "Textmunication" systems. *Marks*, 904 F.3d at 1048. The district court in that case ruled that the Textmunication system was not an "autodialer" because the system "lacked a random or sequential number generator, and did not have the potential capacity to add such a feature." *Id*. The software, however, did have the capacity to store numbers. *Id*. at 1049. The court concluded that the TCPA definition of an "autodialer" includes both systems that store numbers and those that produce numbers to be called using a random or sequential generator. *Id*. at 1052. The Ninth Circuit also rejected the absolutist argument that "autodialer" means *fully automatic* and without *any* human intervention at all. *Id*. at 1052-53. *Marks,* therefore, was a case about statutory interpretation, not determining whether new technology constituted an autodialer.

But importantly, and unlike the Peer-to-Peer technology at issue here, Textmunication technology still "*dials numbers automatically* and therefore has the automatic dialing function necessary to qualify as an ATDS." *Marks*, 904 F.3d at 1053. (emphasis added). Accordingly, and contrary to Plaintiff's assertion, Peer-to-Peer technology that requires a human being to manually dial each and every telephone

number remains an issue of first impression. This Court should stay the litigation pending the FCC's decision on the P2P Alliance's Petition.[1]

*Second*, Plaintiff contends that the FCC is unable to determine that the Peer-to-Peer technology software is not an autodialer because doing so would rewrite the statute. [DE 30 at 3]. But Plaintiff cannot seriously assert this position because, in her response to the Motion to Dismiss, she contends that the term "call" in the TCPA includes both telephone calls and text messages, a technology unavailable in 1991 when the statute was written. [DE 31 at 9]. The case she cites, *Satterfield*, upheld the FCC's interpretation expanding "call" to include "text" as reasonable and consistent with the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). If the FCC can determine if new technology constitutes a "call" under the TCPA, then it can determine whether new technology constitutes an "autodialer" under the TCPA. This is a perfectly reasonable exercise for a quasi-legislative agency. *Clark*, 523 F.3d at 1115. This Court should provide the FCC that opportunity.

*Third*, Plaintiff contends that this Court should not stay the case because she also pled that Defendants used a prerecorded voice. But this Court should dismiss that challenge anyway as voice and text are two distinct words and neither the FCC nor the courts have ruled that a prerecorded voice includes prerecorded texts. *See* Defs.' Reply in Support of their Mot. to Dismiss at 5-6. Furthermore, Plaintiff cites no authority for this proposition. In fact, courts have granted stays notwithstanding a complaint pleading the

---

[1] Reliance on *Nicholson v. REI Energy, LLC*, No. 18-cv-00203, 2019 U.S. Dist. LEXIS 33004 (D. Ore. Feb. 28, 2019) is similarly misplaced because the parties there sought a stay concerning the meaning of the term "capacity" in that an autodialer is one with the capacity to store numbers to be called or produce numbers to be dialed sequentially or randomly. *Id*. at *11. That issue was squarely decided in *Marks*. *Marks*, 904 F.3d at 1052. Again, however, the precise issue of whether software that requires a human being to manually dial telephone numbers constitutes an "autodialer" remains an issue of first impression within this Court and this Circuit. *Id*. at 1053. Additionally, *Nicholson* concerned a separate, expansive Petition for Declaratory Rulemaking, not a discrete Petition for Clarification regarding the precise technology at issue in this case. *See* [DE 21 at 12-20].

use of a prerecorded voice. And it is likely that no authority exists because the existence of other claims does not factor into the court's thinking when deciding whether to grant a stay so an agency can exercise primary jurisdiction. *See, e.g., Barrera v. Comcast Holdings Corp.,* No. 14-cv-00343 (N.D. Cal. Jan. 23, 2014) [DE 1] (Compl. ¶ 18). The standard is not whether the case's *sole* "claim" is ripe for referral. The standard is whether *a claim* is ripe for referral. *Syntek Semiconduct Co.* 307 F.3d at 780. Humans manually dialing phone numbers to send each and every text message is central to resolving Plaintiff's claim. Compl. ¶ 24. This Court should permit the FCC to issue its ruling concerning the P2P Alliance's Petition.

*Fourth* and finally, Plaintiff contends that granting the stay would needlessly delay resolution of the claims because it is unknown when the FCC will issue its ruling. [DE 30 at 5-6]. But a finding of delay is not warranted here. Plaintiff attempts to confuse this court by suggesting that some expansive rulemaking must be completed in order to decide this issue. It does not. Instead, the FCC need only respond to a discrete petition that would determine this precise issue, filed by an alliance that includes Defendant FFC's text message vendor. Moreover, as recently as two days before the filing of this Reply, various FCC Commissioners and senior staff are actively taking meetings to discuss this Petition. *See* FCC CG Docket No. 02-278, Petition for Clarification of the P2P Alliance, Notice of ex parte presentations, Mar. 7, 2019; Sep. 20, 2018; *cf. Barrera*, 2014 U.S. Dist. LEXIS 65800 at *9 (holding no delay where although the FCC had not started to receiving comments yet, rather, comments were due soon). The Petition is widely supported by groups representing a variety of diverse and disparate causes, including Vote.org, the National Association for Equal Opportunity in Higher Education (NAFEO) the Voice on the Net Coalition, the National Association for the Advancement of Colored People (NAACP), and the Republican National Committee (RNC). *See* CG Docket No. 02-278, Comments by Vote.org (Jun. 22, 2018); Comments by NAFEO (Jul. 9, 2018); Comments by VON (Jun. 22, 2018); Comments by NAACP (Jul. 6, 2018);

Comments by RNC (Jun. 22, 2018). Furthermore, there is no alleged ongoing violation continually harming Plaintiff. Accordingly, any delay that a stay will bring will not cause any additional alleged harm to Plaintiff. *Barrera*, 2014 U.S. Dist. LEXIS 65800 at *9 Additionally, because the case is at its early stages, this too militates against a finding that delay will harm Plaintiff. Finally, staying the litigation preserves judicial resources because continuing the litigation risks brings with it the that the FCC may issue a decision that will undermine this Court's decision. *Id*; *see also Wright*, 2015 U.S. Dist. LEXIS 185952, *8 (granting stay pending ruling from FCC despite acknowledging that some delay will result because of the importance of uniform rules and not permitting splits in authority among the various courts to develop on the issue).

This Court should grant the stay and allow the FCC to issue its ruling governing Peer-to-Peer software technology.

## II.   CONCLUSION

Based upon the foregoing, Defendants respectfully renew their request that this Court stay this case pending referral to the Federal Communications Commission for its determination of whether a peer-to-peer text message system, such as the one utilized by their contractor, and other similarly situated clients of vendors providing peer-to-peer text message services, is an unlawful dialing system under the TCPA.

RESPECTFULLY submitted this 8th day of March, 2019.

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**

By: */s/ Brian M. Bergin*
Brian M. Bergin
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
*Attorneys for Faith and Freedom Coalition, Inc., and Ralph Reed*

HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC

By: /s/ Steve Roberts Esq.
Jason Torchinsky
Steve Roberts
Holtzman Vogel Josefiak Torchinsksy
45 North Hill Drive, #100
Warrenton, Virginia 20186
*Pro Hac Vice Counsel for Defendants FFC & Reed*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Frank S. Heden
Hedin Hall LLP
1395 Brickell Avenue #900
Miami, FL 33131
fheden@hedinhall.com
*Counsel for Plaintiff*

Ignacio J. Hiraldo
JH Law
1200 Brickell Avenue #1950
Miami, FL 33131
ijhiraldo@ijhlaw.com
*Counsel for Plaintiff*

Manuel Hiraldo
Hiraldo PA
401 E. Los Olas Blvd #1400
Ft. Lauderdale, FL 33301
*Counsel for Plaintiff*

Michael Eisenband
Eisenband Law PA
515 E. Las Olas Blvd #120
Ft. Lauderdale, FL 33301
*Counsel for Plaintiff*

Jason Torchinsky
Steve Roberts
Holtzman Vogel Josefiak Torchinsksy
45 North Hill Drive, #100
Warrenton, Virginia 20186
*Co-Counsel for Defendants FFC & Reed*

By: */s/ Kristine Berry*